# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **VICTOR BRIMA** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **V.** | § | |
| | § | |
| **DEEPWELL ENERGY SERVICES,** | § | **JURY TRIAL REQUESTED** |
| **LLC, BENNETT ON-SITE SERVICES,** | § | |
| **LLC, BOSS CRANE HOLDINGS,** | § | |
| **LLC, RFC DRILLING, LLC, AND** | § | |
| **UNITED BRINE SERVICE** | § | **JUDGE _____** |
| **COMPANY, LLC** | § | |

## DEFENDANT DEEPWELL ENERGY SERVICES, LLC'S
## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES JUDGE:**

Defendant Deepwell Energy Services, LLC (hereinafter "Deepwell"), respectfully submits this Notice of Removal to the United States District Court for the Southern District of Texas and Demand for Jury Trial. In support of this Notice of Removal and Demand for Jury Trial, Defendant states as follows:

1. On November 22, 2021, Plaintiff Victor Brima filed his Original Petition (hereinafter "Plaintiff's Original Petition") in the 55th Judicial District Court, Harris County, Texas under cause number 2021-76514. *See* Ex. A, 008-016- Harris County State Court Record – Plf. Orig. Pet. Plaintiff previously filed, but then nonsuited, cause number B-21-10-1337-CV in the 161st Judicial District Court, Ector County, Texas, based on the same pattern of operative facts alleged in this matter. *See* Ex. B-004-011 Plaintiff's Original Petition in Ector County State Court Record,

1

Ex. B—062-065, Plaintiff's Notice of Nonsuit Without Prejudice in Ector County State Court Record.

2.     Deepwell was served with a copy of Plaintiff's Original Petition and citation on November 29, 2021. *See* Ex. A—021-022, Harris County State Court Record – Return of Service: Deepwell Energy Services, LLC.  This Notice is hereby timely as the 30th day from November 29, 2021 is December 29, 2021, and this Notice is filed in advance of that date.  *See* 28 U.S.C. § 1446(b)(1).

3.     The captioned action is removable to federal court, as this Court has original jurisdiction based on diversity jurisdiction.  This Court therefore properly exercises jurisdiction.

4.     Plaintiff alleges that a monkey board allegedly under the control of Defendants Deepwell, Bennett On-Site Services, LLC ("Bennett"), Boss Crane Holdings, LLC d/b/a BOSS Crane & Rigging ("Boss"), and RFC Drilling, LLC ("RFC") fell and struck Plaintiff, causing him injuries. *See* Ex. A—011, ¶ 15, Harris County State Court Record – Plaintiff's. Original Petition.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

5.     This Court has jurisdiction over this matter, because there is complete diversity of citizenship between the Plaintiff and all properly joined Defendants and more than $75,000 at issue, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(a), 1367.

**A.)**     **There Is Complete Diversity of Parties.**

6.     There is complete diversity of the properly joined parties to this lawsuit. Plaintiff is a Texas citizen, and the properly joined Defendants are citizens of Mississippi, Colorado, and Georgia.

   **1.)**     **Plaintiff Victor Brima**

7.     According to Plaintiff's Original Petition, Plaintiff is a resident of Midland, Texas. *See* Ex. A-008-009, ¶ 3, Harris County State Court Record – Plaintiff's Original Petition.  Assuming that

allegation is true and that Plaintiff intends to return when he is away from there, he is a considered a Texas citizen.

**2.)     Defendant Deepwell Energy Services, LLC**

8.      Defendant Deepwell is a citizen of Mississippi. Deepwell has a single member, which is Deepwell Holdings, LLC. Deepwell Holdings, LLC has two members, the (1) Thomas Milton Duff Amended and Restated Trust, a revocable grantor trust and the (2) James Earnest Duff Amended and Restated Trust, a revocable grantor trust.

9.      The trustee of the Thomas Milton Duff Amended and Restated Trust is Thomas Milton Duff, who is a citizen of Mississippi and domiciled in Hattiesburg, Mississippi. Mr. Duff returns to Hattiesburg whenever he is temporarily away.

10.     The trustee of the James Earnest Duff Amended and Restated Trust is James Earnest Duff, who is a citizen of Mississippi and is domiciled in Hattiesburg in Hattiesburg, Mississippi. Mr. Duff returns to Hattiesburg whenever he is temporarily away.

11.     The citizenship of a limited liability company "is determined by the citizenship of all of its members." *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Defendant Deepwell is a citizen of the State of Mississippi for diversity purposes, because each applicable member and trustee of each entity and trust identified above is a citizen of Mississippi.

**3.)     Defendants Bennett On-Site Services, LLC & Boss Crane Holdings, LLC d/b/a BOSS Crane & Rigging.**

12.     Defendants Bennett and Boss are "related" entities. The members of Bennett and Boss are believed to be Georgia citizens. Accordingly, both Bennett and Boss are Georgia citizens for diversity purposes. *See id.*

3

### 4.)    Defendant RFC Drilling, LLC.

13. Defendant RFC has a single member, which is ReVal Acquisition, LLC. ReVal Acquisition, LLC's members are believed to be Colorado citizens. Accordingly, RFC Drilling, LLC is a Colorado citizen for diversity purposes. *See id.*

### 5.)    Improper Party United Brine Service Company, LLC ("United Brine")

14. As discussed below, United Brine is improperly joined to this lawsuit and should be disregarded for diversity analysis. United Brine has a single member, Texas Brine Company, LLC. Texas Brine Company, LLC's members are believed to be Texas citizens. Accordingly, United Brine is a Texas citizen for diversity purposes. *See id.*

### B.)    <u>Improper Joinder of United Brine</u>

15. Plaintiff improperly joined United Brine to this lawsuit. Plaintiff has no possibility of recovery against United Brine or any reasonable basis to predict recovery against United Brine. *See Ticer v. Imperium Ins. Co.*, 21-10108, 2021 WL 5935906, at *3 (5th Cir. Dec. 16, 2021) (citing *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Accordingly, the Court should disregard United Brine when determining the diversity of the parties. *See id.*

16. A party is improperly joined when the claim against it cannot survive a Rule 12(b)(6) motion. *See Smallwood.*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). In this case, Plaintiff's Original Petition fails to state a proper claim against United Brine. At best, Plaintiff's Original Petition provides only threadbare conclusions with no factual allegations to describe how United Brine was allegedly negligent. *See James v. Dasilva Transp., Inc.*, 4:19-CV-592, 2021 WL 3733017, at *2 (S.D. Tex. June 24, 2021), *report and recommendation adopted*, 4:19-CV-00592, 2021 WL 2913444 (S.D. Tex. July 12, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

4

Plaintiff's Original Petition only states the following regarding the allegedly negligent act in this case:

> …employees of Bennett and/or Boss through Deepwell Energy's and/or RFC Drilling's instruction were attempting to hoist the [monkey] board using a single rope that was insufficient and incapable of supporting the weight of the suspension.

Ex. A—011, ¶ 15, Harris County State Court Record – Plaintiff's. Original Petition. The only other reference to United Brine in Plaintiff's Original Petition is that United Brine was a wellsite operator that contracted with RFC Drilling to "provide the rig and drill the well." *See id.* ¶ 14.

17.   These allegations, which must be taken as true, do not state a claim that provides a reasonable expectation of recovery against United Brine, nor does Plaintiff's Original Petition otherwise make any factual allegations against United Brine at all. *See James*, 2021 WL 3733017 at *3 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)) (Rule 12(b)(6) motion requires all pleadings taken as true). At most, Plaintiff's Original Petition simply states United Brine was a wellsite operator but fails to articulate any basis for claiming that United Brine's employees or agents had control of the allegedly defective monkey board. Accordingly, Plaintiff has failed to meet his minimum pleading requirements and failed to show any reasonable chance of recovery against United Brine.

18.   Even if Plaintiff's claim survives a Rule 12(b)(6) analysis, United Brine is improperly joined under the *Smallwood* test, because "…plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder." *See Smallwood*, 385 F.3d at 573 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389, n. 10 (5th Cir. 2000)). Plaintiff's Original Petition contains clearly fraudulent facts, namely allegations that:

    a. Plaintiff was contracted by Deepwell;

    b. United Brine was the wellsite operator;

    c. United Brine contracted with Deepwell; and

    d. Defendants [including United Brine] retained control over the means, methods, and details of the operations leading to the alleged incident.

19. In cases where a plaintiff has pleaded improper joinder facts, the Court is authorized to pierce Plaintiff's Original Petition and conduct a summary inquiry. *See Ticer*, 2021 WL 5935906 at *3 (quoting *Hicks v. Martinrea Automotive Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021)). These improper facts will conclusively preclude Plaintiff's recovery against United Brine. *See id.* (quoting *Smallwood*, 385 F.3d at 573–75). Without these facts, Defendants can establish, without the need for significant discovery, entitlement to summary judgment in favor of United Brine. *See id.*

20. Under either test then, United Brine was improperly joined, and it must be dismissed without prejudice. *See id.* (quoting *Probasco v. Wal-Mart Stores Texas, L.L.C.,* 766 F. App'x. 34, 36 (5th Cir. 2019), *reh'g. denied* (Apr. 24, 2019)). Once United Brine is dismissed, there is complete diversity of the parties. Plaintiff is a Texas citizen; while the remaining Defendants are Mississippi, Colorado, and Georgia citizens, as detailed above.

**C.)**     **The Amount in Controversy Exceeds $75,000.**

21. Plaintiff seeks monetary relief in excess of $1,000,000.00. *See* Ex. A—015, Plaintiff's Original Petition, ¶ 29 [Harris County State Court Record]. When a plaintiff's monetary demand is stated in the complaint, a defendant may rely upon Texas Rule of Civil Procedure 47 allegations to meet the federal diversity jurisdiction amount in controversy requirement. *See* 28 U.S.C. § 1446(c)(2); *Dyer v. Capital One Nat'l Ass'n*, 4:20-CV-4230, 2021 WL 3813367, at *3 (S.D. Tex. Aug. 23, 2021) (quoting *Torres v. Allstate Fire and Casualty Insurance Company*, No. 4:20-CV-1720, 2020 WL 3077932, at *1 (S.D. Tex. June 10, 2020)). It is facially apparent that the amount-

in-controversy requirement is met based upon the million-dollar damage amount sought in Plaintiff's Original Petition. *See* Ex. A—015, Plaintiff's Original Petition, ¶ 29 [Harris County State Court Record]. Thus, the amount in controversy in this suit is over $75,000, and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

22.     Plaintiff's Original Petition therefore presents a cause of action with diversity jurisdiction, and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1332(a).

**D.)     Procedural Requirements**

23.     Contemporaneously with the filing of this Notice, pursuant to 28 U.S.C. § 1446(d), Defendants will provide notice to all parties through delivery of a copy of this Notice of Removal and will also provide a copy of this Notice of Removal to the Harris County District Clerk's office.

24.     Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to this action.

25.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendants attach hereto in as exhibits copies of all pleadings, process, orders, and other filings in the state court action, as well as the state court action's docket sheet. The pleadings, process, orders, other filings, and docket sheet from the state court action are identified in the Index of Matters Being Filed with Removal.

26.     Pursuant to Local Rule 81(6), Defendants attach hereto a List of All Counsel of Record as an exhibit to this Notice of Removal.

WHEREFORE, Defendant Deepwell Energy Services, LLC respectfully requests that the Parties and the 55th Judicial District Court for Harris County, Texas take notice of the removal of this case to the United States District Court for the Southern District of Texas, Houston Division.

Defendant further requests such other and further relief, whether arising at law or at equity, to which it may be entitled.

Respectfully submitted,

**CHAMBLEE RYAN, P.C.**

By:   */s/ Jeffrey W. Ryan*
Jeffrey W. Ryan
State Bar No. 17469600
jryan@cr.law
Andrew B. Cooper
State Bar No. 24040727
acooper@cr.law
2777 Stemmons Freeway, Suite 1257
Dallas, Texas 75207
(214) 905-2003
(214) 905-1213 (Facsimile)
**ATTORNEY FOR DEFENDANT
DEEPWELL ENERGY SERVICES, LLC**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 28th day of December, 2021, a true and correct copy of the above and foregoing document has been forwarded via e-service to the following counsel of record:

Ryan H. Zehl
W. Lamar De Long
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056

Bennett On Site Services, LLC, currently *pro se*
c/o Danny Bennett
4836 W. Loop 281 S.
Longview, Texas 75603

BOSS Crane Holdings LLC dba BOSS Crane & Rigging, currently *pro se*
4836 W. Loop 281 S.
Longview, Texas 75603

Danny M. Needham
Christopher W. Weber
C. Wade Overstreet
MULLIN HOARD & BROWN, L.L.P.
P.O. Box 31656
Amarillo, Texas 79120-1656

Raymond A. Neuer
SHEEHY, WARE, PAPPAS & GRUBBS, P.C.
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010
(713) 951-1000
(713)951-1199 – facsimile

/s/ *Jeffrey W. Ryan*
Jeffrey W. Ryan